## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHAPELLE STROTHER,** *Individually and on Behalf of All Other Persons Similarly Situated* <br> 6421 Hil Mar Drive, Apt. #103 <br> District Heights, MD 20747, <br><br>        Plaintiff, <br><br> v. <br><br> **OS RESTAURANT SERVICES, LLC** <br> 2202 N. West Shore Blvd. <br> Suite 500 <br> Tampa, FL 33607 <br><br> and <br><br> **BLOOMIN' BRANDS, INC**., <br> 2202 N. West Shore Blvd. <br> Suite 500 <br> Tampa, FL 33607, <br><br>        Defendants. | Civil Action No.: _____ <br><br> **COLLECTIVE/CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Shapelle Strother ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against OS Restaurant Services, LLC, and Bloomin' Brands, Inc., to recover unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Md. Code, Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"); and unpaid wages, interest, treble damages, and reasonable attorneys' fees and costs under the Maryland Wage

Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), and in support thereof, states as follows:

## I.      INTRODUCTION

1.      Plaintiff and other similarly situated current and former employees work or worked for Defendants in the State of Maryland as Front of House Managers and in other comparable positions with different titles ("FOH Managers").

2.      Plaintiff's and other similarly situated employees' duties primarily consisted of non-exempt work, including serving and busing tables, bartending, cleaning, cooking, and other direct customer service functions.

3.      Plaintiff and others similarly situated consistently worked over forty (40) hours per workweek.  Their regular schedules alone required them to work in excess of forty (40) hours per workweek.

4.      Despite regularly working overtime, Plaintiff and others similarly situated were not paid overtime wages.

5.      Defendants willfully misclassified Plaintiff and other FOH Managers as salaried employees to evade paying them overtime wages.  The duties performed by Plaintiff and others similarly situated did not exempt them from the overtime requirements.  They did not have managerial authority.  They did not have the authority to hire and fire other employees and did not have discretion with regard to any important issues.

## II.      PARTIES

6.      Plaintiff is an individual residing in the State of Maryland.

7.      Defendant OS Restaurant Services, LLC ("OS Restaurant") is a limited liability company organized under the laws of the State of Florida with its principal place of business in

Florida.

8.     OS Restaurant is a wholly owned subsidiary of Defendant Bloomin' Brands, Inc., and is registered to do business in the State of Maryland.

9.     Defendant Bloomin' Brands, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Florida.

10.     Bloomin' Brands operates over 700 company-owned and franchised Outback Steakhouse Restaurants ("Outback") in the United States, 22 of which are located in the State of Maryland and had reported restaurant sales of over $2.3 billion in the year 2020.

11.     At all times relevant herein, Defendants jointly employed Plaintiff and all others similarly situated.

12.     Due to the nature of their business, Defendants are subject to the FLSA, MWHL, and MWPCL.

13.     At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

14.     Upon information and belief, Defendants' annual gross volume of sales made or business done is at least $500,000.  Due to the amount in revenues generated, Defendants are subject to the FLSA.

15.     Plaintiff and all those similarly situated are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d); MWHL, § 3-401(b); and MWPCL, § 3-501(b).

16.     From approximately November 2019 to September 2021, Plaintiff worked as an FOH Manager at Defendants' Outback locations located in Largo, Maryland, and Laurel, Maryland.

### III.    JURISDICTION AND VENUE

17.    This Court has jurisdiction over the FLSA claims of Plaintiff and others similarly situated pursuant to 29 U.S.C § 216(b) and 28 U.S.C. § 1331.

18.    This court has supplemental jurisdiction over the state law claims of Plaintiff and others similarly situated pursuant to 28 U.S.C. §§ 1332 and 1367.

19.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and Plaintiff resides in this District.

20.    Upon information and belief, Defendants regularly conduct business in this District, and the unlawful acts central to this matter occurred within the State of Maryland.

### IV.    FACTUAL ALLEGATIONS

21.    Defendants employed Plaintiff and others similarly situated as FOH Managers.

22.    Defendants maintain control, oversight, and discretion over the operation of their Outback restaurants, including their employment practices with respect to Plaintiff and all other FOH Managers.

23.    Plaintiff and other FOH Managers, who are generally misclassified as exempt, are required to perform the same tasks as Defendants' hourly employees, including serving and busing tables, bartending, cleaning, cooking, and other direct customer service functions under the direction of Defendants.

24.    The work performed for Defendants by Plaintiff and all those similarly situated required little skill and no capital investment, and said work did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

25.    Plaintiff and other FOH Managers did not exercise meaningful independent

4

judgment or discretion in the performance of their primary duties.  They did not have the authority to hire, fire, or discipline employees.

26.     Consistent with Defendants' policy, pattern, and/or practice, Plaintiff and all those similarly situated regularly worked in excess of 40 hours per workweek without being paid overtime wages.

27.     The number of shifts that Plaintiff and all those similarly situated worked per workweek can be ascertained from Defendants' records.

28.     The primary job duties of Plaintiff and all those similarly situated did not materially differ from the duties of Defendants' non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the majority of the working hours of Plaintiff and all those similarly situated.

29.     Pursuant to a centralized, company-wide policy, pattern, and/or practice, Defendants classified Plaintiff and all those similarly situated as exempt from coverage of the overtime provisions of the FLSA, MWHL, or MWPCL.

30.     Defendants knew or recklessly disregarded the fact that Plaintiff and others similarly situated primarily performed manual and non-exempt duties during their workweeks, worked more than 40 hours in a workweek, and did not receive overtime compensation, allowing Defendants to avoid paying additional wages, including overtime, to their non-exempt employees.

31.     Defendants knew Plaintiff and others similarly situated worked overtime regularly.

32.     Defendants acted willfully and knew, by virtue of the fact that their General

5

Managers and/or Regional Managers (as their authorized agents) actually saw Plaintiff and other similarly situated FOH Managers perform primarily manual labor and non-exempt duties and directed Plaintiff and other similarly situated FOH Managers to perform such work, that Plaintiff and other similarly situated FOH Managers were performing the work of non-exempt employees and that their duties did not implicate any exemptions contained within the FLSA, MWHL, or MWPCL.

33.     As experienced and practical businesses operating over 700 restaurants throughout the country, Defendants knew or recklessly disregarded the fact that Plaintiff and others similarly situated were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the FLSA, MWHL and MWPCL.

34.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA, MWHL, and MWPCL.

35.     Consequently, on behalf of herself and all persons similarly situated, Plaintiff seeks the wages to which they are entitled and other available relief through this Complaint.

## V.      FLSA COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

37.     The FLSA requires employers to compensate non-exempt employees such as Plaintiff and others similarly situated with overtime wages for all hours worked over forty (40) hours within a workweek.

38.     Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action

6

pursuant to 29 U.S.C. §§ 207 and 216(b) on behalf of herself and all persons currently or formerly employed by Defendants as FOH Managers, including persons in other comparable positions with different titles, at any time from three (3) years of the filing of the Collective and Class Action Complaint to the present.

39.     Plaintiff, on behalf of herself and all those similarly situated, seeks relief on a collective basis for Defendants' violations of the FLSA as set forth above.

40.     Plaintiff consents to be a party plaintiff in this matter.  Plaintiff's consent form is attached to this Complaint as Exhibit A.

41.     It is likely that other individuals will join Plaintiff during the litigation of this matter and file written consent to opt in to this collective action.

42.     There are numerous similarly situated current and former employees of Defendant who have been harmed by Defendants' common practice of failing to pay current and former FOH Managers overtime wages in violation of the FLSA.

43.     Many of these similarly situated persons would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

44.     These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

**VI.     CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS**

45.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

46.     Plaintiff brings Count II and Count III, the WHL and WPCL claims, respectively, as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all persons currently or formerly employed byDefendants as FOH Managers, including persons in other comparable

positions with different titles, at any time from three (3) years of the filing of the Complaint to the present.

47.     Plaintiff is a member of the proposed class she seeks to represent, and she is an adequate representative of the proposed class.  Her interests do not conflict with the interests of the members of the proposed class.

48.     The claims alleged by Plaintiff are typical to the claims of the proposed class.

49.     The potential members of the proposed class are sufficiently numerous to make joinder of all class members impractical.

50.     There are questions of law and fact common to the proposed class that predominate over any questions exclusive to the individual class members.

51.     Counsel for the proposed class is qualified and experienced in litigating complex wage and hour, employment, and class action litigation, and is therefore capable of providing adequate representation for all members of the proposed class.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

**VII.   CAUSES OF ACTION**

**Count I – Violation of the FLSA: Failure to Pay Overtime
(On Behalf of Plaintiff and All Others Similarly Situated)**

53.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

54.     Plaintiff and others similarly situated are entitled to overtime wages under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) hours in a workweek at a rate of not less than one and one-half

times the regular rate at which they are employed.

55.     At all relevant times and continuing to the present, Defendants have had a policy and practice of not paying overtime compensation to their FOH Managers and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

56.     As a result of Defendants' willful failure to compensate Plaintiff and others similarly situated, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.     As a result of Defendants' willful FLSA violations, Plaintiff, on behalf of herself and others similarly situated, is entitled to (a) recover from Defendants unpaid wages for all the hours worked each workweek at a rate of one and one-half times their regular hourly wage; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and (c) reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

58.     Defendants' violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### Count II – Violation of the MWHL: Failure to Pay Overtime Wages
### (On Behalf of Plaintiff and All Others Similarly Situated)

59.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

60.     Pursuant to the MWHL, Md. Code, Lab. & Empl. § 3-415, each employer shall pay an overtime wage of at least one and one-half times the regular hourly rate.

61.     Defendants failed to pay Plaintiff and others similarly situated the prescribed overtime wage rate for any hours worked in excess of forty (40) hours in a workweek.

62.     Defendants' conduct was willful and intentional.

63.     As a result of Defendants' acts and omissions, Defendants are liable to Plaintiff and all others similarly situated for their unpaid compensation, liquidated damages, and attorneys' fees and costs.

### Count III – Violation of the MWPCL: Failure to Pay Wages Owed
### (On Behalf of Plaintiff and All Others Similarly Situated)

64.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

65.     Pursuant to the MWPCL, Md. Code, Lab. & Empl. §§ 3-501 *et seq*., each employer shall pay an employee all wages due for work that the employee performed before the end of his or her employment, on or before the day on which the employee would have otherwise been paid the wages.

66.     Defendants failed to pay Plaintiff and others similarly situated overtime wages for any hours worked in excess of forty (40) hours in a workweek before the termination of their employment.

67.     Defendants' conduct was willful and intentional.

68.     As a result of Defendants' acts and omissions, Defendants are liable to Plaintiff and all others similarly situated for their unpaid compensation, treble liquidated damages, and attorneys' fees and costs.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated, prays for the following relief:

a)     Designation of this action as an FLSA collective action on behalf of Plaintiff and those similarly situated;

b)      Designation of this action as a class action on behalf of Plaintiff and all members of the proposed state class as to the state law claims;

c)      A finding that Defendants' classification of Plaintiff and others similarly situated as exempt was done in error;

d)      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, MWHL, and MWPCL;

e)      An award of unpaid wages for all upaid overtime wages owed, calculated at a rate that is not less than one and one-half times the regular hourly rate of Plaintiff and each member of the putative class for all overtime hours worked;

f)      An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

g)      An award of treble damages equal to the total amount of unpaid wages owed to Plaintiff and those similarly situated;

h)      An award of prejudgment and post-judgment interest;

i)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

j)      Such other and further relief as this Court deems just and proper.

## IX.      DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all questions of fact raised in the Complaint.

Respectfully submitted,

HKM EMPLOYMENT ATTORNEYS LLP

_s/ Tiffany Joseph Goodson_
Tiffany Joseph Goodson
MD Federal Bar No. 21616
1617 Eastern Avenue, Suite 20
Baltimore, MD 21231
Phone: (202) 919-5952
Fax: (202) 919-5952
E-mail: tjosephgoodson@hkm.com

*Counsel for Plaintiff*