**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**SHAPELLE STROTHER,** ***Individually and on Behalf of All Other Persons Similarly Situated***

Plaintiff,

v.

**OS RESTAURANT SERVICES, LLC and BLOOMIN' BRANDS, INC.**,

Defendants.

Case No.: AAQ-22-0845

**UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Plaintiff Shapelle Strother, by and through her undersigned counsel, hereby files this Unopposed Motion to Approve Settlement Agreement and General Release ("Settlement Agreement") and in support thereof state as follows.

## I. BACKGROUND

On April 7, 2022, Plaintiff filed her putative collective and class action complaint against OS Restaurant Services, LLC and Bloomin' Brands, Inc. (the "Defendants") asserting claims for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"). Plaintiff alleges that she and others similarly situated who were hired as Front of House Mangers and other comparable positions with different titles ("FOH" Managers") in Defendants' Outback Steakhouse Restaurants ("Outback") in the State of Maryland were misclassified as exempt and are therefore entitled to overtime wages

because their primary duties consisted of non-exempt work, including but not limited to serving and busing tables, bartending, cleaning, cooking, and other customer-facing functions that involve direct interactions with customers. Plaintiff further alleges that she and other similarly situated FOH Managers worked more than 40 hours per week in a work week but was not paid overtime wages. Defendants dispute that Plaintiff was misclassified as exempt and that she was not paid consistent with applicable law.[1]

Prior to moving for certification of Plaintiff's alleged collection and class action claims, and prior to conducting any discovery, the parties engaged in discussions in an effort to resolve Plaintiff's individual claims. On September 27, 2022, the parties attended a settlement conference before the Court during which the parties agreed, with the Court's assistance, to resolve Plaintiff's individual claims for $19,750, including reasonable attorney's fees and costs, and for Plaintiff to dismiss her claims thereafter with prejudice. *See* Settlement Agreement, attached hereto as Exhibit A. The Parties concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with continued litigation.

**II. LEGAL STANDARD**

"A court-approved stipulated judgment or settlement is an exception" to the general rule that the FLSA's "provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement." *Navarro v. Eternal Trendz Customs, LLC*, No. CIV.A. TDC-14-2876, 2015 WL898196, at *1 (D. Md. March 2, 2015) (citations omitted). "Such a settlement may be approved provided that it reflects a 'reasonable compromise of

[1] Plaintiff also filed a Charge with the United States Equal Employment Opportunity Commission alleging claims of race and disability discrimination and retaliation. Defendant denies any wrongdoing. Although these claims were not part of the instant lawsuit, the Parties settlement includes a release of such claims.

disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Courts review FLSA settlements to ensure a fair and reasonable resolution of a *bona fide* dispute. *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014). In reviewing settlements of FLSA claims, district courts in the Fourth Circuit typically analyze the considerations outlined by the Eleventh Circuit in *Lynn's Food Stores*. *Duprey*, 30 F. Supp. 3d at 407. A settlement of an FLSA claim must reflect "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* And a "fair and reasonable resolution" includes findings concerning (1) whether a bona fide dispute exists concerning FLSA issues; and (2) the fairness and reasonableness of the settlement. *Id.* The Courts also consider the reasonableness of attorneys' fees if included in a settlement agreement. *Id.*

## III. THE COURT SHOULD APPROVE THE PARTIES' AGREEMENT

### A. A Bona Fide Dispute Exists as to the Amount of Unpaid Time

A *bona fide* dispute exists concerning Plaintiff's classification as an exempt employee pursuant to the FLSA. Defendant disputes that Plaintiff was misclassified as an exempt employee and disputes that any FLSA or state law violation occurred or was willful. A dispute also exists between the Parties concerning the number of hours over 40 worked in a work week by Plaintiff during her tenure at Outback. The disputes are evident from the pleadings and the parties' discussions.

Where there exists a *bona fide* dispute, courts evaluate the fairness and reasonableness of a settlement for purposes of approving claims under the FLSA by using the following factors: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud

or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman v. LBDP, Inc.*, No. 12-cv-1083-DKC, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–cv–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

**B. The Settlement is Fair and Reasonable**

In light of the expense, time, and risk involved in further litigating this case, the Parties have compromised their claims and defense in a mutually agreed upon amount. The sums to be paid to Plaintiff under the Settlement Agreement reasonably compensates Plaintiff for all FLSA and non-FLSA claims. *See Duprey*, 30 F. Supp. 3d at 410 ("if the employee is compensated reasonably for the release executed, the settlement can be accepted, and [the Court is not] required to evaluate the reasonableness of the settlement as to the non-FLSA claims."); *see also Gorham v. Regency Mgmt. Servs., LLC*, No. GJH-15-3129, 2016 WL 4705538, at *2 (D. Md. Sept. 8, 2016); *Ortega v. Stairways*, No. PX-16-2694, 2016 WL 4537767, at *2 (D. Md. Aug. 31, 2016); *Torres v. Washrite Plus, Inc.*, No. PJM 15-2982, 2016 WL 4078083, at *4 (D. Md. Aug. 1, 2016); *Zavala v. Emerald Landscaping Corp.,* No. GJH-15-1594, 2016 WL 3582012, at *3 (D. Md. June 27, 2016); *Stewart v. Bae Sys. Tech. Sols. & Servs.*, No. GJH-15-1645, 2016 WL 738693, at *2 (D. Md. Feb. 23, 2016).

In addition, Plaintiff is represented by experienced counsel and settled Plaintiff's individual claims aware of the risks and benefits of settlement. This settlement enables all parties to avoid unnecessary accumulation of additional litigation costs and attorney's fees. The settlement is the product of good faith bargaining between the parties, with advice of legal

counsel. Given the uncertainty of the availability of liquidated damages, the settlement amount represents a fair and reasonable settlement.

**C. The Proposed Attorney's Fees are Reasonable**

The Settlement Agreement includes a payment for attorney's fees and costs that is reasonable under the circumstances of this case. Where a settlement agreement includes a provision for payment of attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Navarro*, No. CIV.A. TDC-14-2876, 2015 WL 898196, at *3 (citations omitted). The amount awarded for fees and costs is discretionary. *Randolf v. Powercomm Constr., Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017). Typically, Courts in this Circuit apply the factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), in assessing the reasonableness of attorney's fees. Although the fee award to Plaintiff's counsel is the product of a contingency arrangement articulated in Plaintiff's Fee Agreement and not the product of an hourly award, the attorney's fees payment under the Settlement Agreement is nonetheless reasonable applying the lodestar method, the analysis of which is as follows:

1. The time and labor required. To date, Plaintiff's attorney has spent over 45 hours (1) communicating with plaintiff throughout these proceedings; (2) investigating potential claims in this case; (3) drafting the Complaint and First Amended Complaint; (4) conducting substantial research, including that regard to the fluctuating workweek and calculation of damages; (5) conferring and negotiating with Defendants' counsel; (6) preparing for and attending a Court hearing; and (7) participating in negotiations with Defendants and attending the Court settlement conference.

2. The novelty and difficulty of the questions. Plaintiff submits that this

wage and hour case posed unique challenges as a result of Defendant's use of the fluctuating workweek damage analysis, coupled with recent developments in Maryland state case law, necessitating the need for Plaintiff's counsel to perform substantial research.

3. The level of skill required to render proper legal services. The successful pursuit of an FLSA case requires the possession of a range of specialized skills and current knowledge of legal developments in the field. HKM Employment Attorneys LLP has handled numerous FLSA cases in Federal and State courts throughout the United States. Thus, as a matter of necessity, counsel for Plaintiff has knowledge of FLSA and state wage law, including regulatory developments, that would have affected the rights of Plaintiff had this matter continued further.

4. The Opportunity Costs. Plaintiff's counsel practices in state and federal courts in Maryland, Virginia and the District of Columbia. Representing Plaintiff in this matter necessarily meant Plaintiff's counsel could not represent other persons in need of representation, including low-wage earners who can only compensate an attorney on a contingency fee basis.

5. The Customary Fee. The lodestar rate sought in this matter is $450.00 per hour, which is below the normal and customary rate charged by Plaintiff's counsel.

6. The attorney's expectations at the outset of the litigation. Plaintiff's counsel handled this case on a contingency fee basis, bearing a substantial risk.

7. The limitations imposed by the client or the circumstances. No unusual limitations were presented that would form the basis for any adjustment to the lodestar in this case.

8. The experience, reputation and ability of the attorneys. The experience

of Plaintiff's counsel is set forth in detail above and fully justifies the rates sought in this case, which are consistent with market rates. HKM Employment Attorneys LLP is a highly skilled and experienced firm in the employment field and has substantial experience with FLSA cases.

9. The undesirability of the case. Maryland courts have recognized that "if attorney fee awards in [cases arising under fee shifting statutes] do not provide a reasonable return, it will be economically impossible for attorneys to represent their client." *Blaylock v. Johns Hopkins Fed. Credit Union*, 152 Md. App. 338, 355 (2003). While Plaintiff's case was not particularly undesirable, other attorneys may have rejected this case for reasons such as the challenged presented by the fluctuating workweek defense.

10. The nature and length of the professional relationship with the client. Plaintiff's counsel has represented Plaintiff from the outset of the case and has no prior relationship with Plaintiff.

11. Award in similar cases. Although no wage claim is the same, courts in this District have approved similar attorney's fees following the successful negotiation of a settlement in FLSA cases, including in early stages of the case, at rates in line with that sought here. *See, e.g.*, *Salgado v. M.L. Shin, Inc.*, *et al.*, Case No. 1:17-cv-3785 (D. Md.) (approving FLSA settlement agreement where defendants agreed to counsel's attorney's fee award amounting to approximately 41% of the total settlement payment applying reasonable rates and hours); *Giron v. CMG Communications LLC*, *et al.*, Case No. 8:18-cv-2255 (D. Md.) (approving FLSA settlement agreement where defendants agreed to counsel's attorney's fee award amounting to approximately 41% of the total settlement payment applying reasonable rates and hours).

Whereas the attorney's fees and costs allocated in the Settlement Agreement represents a discount off Plaintiff's counsel's actual lodestar, which exceeds $20,000, the agreed-upon amount for attorney's fees is reasonable and supports Court approval.

**IV. CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court approve the Settlement Agreement in this matter and enter an order dismissing this action with prejudice.

Dated: November 29, 2022

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

*s/ Tiffany Joseph Goodson*
Tiffany Joseph Goodson
MD Federal Bar No. 21616
1325 G Street NW, Suite 558
Washington, DC 20005
Phone: (202) 919-5952
Fax: (202) 919-5952
E-mail: tjosephgoodson@hkm.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2022, a true and accurate copy of the foregoing was served, via electronic means, on the following counsel of record for Defendants:

Christopher E. Humber
D. Md. No. 07195
1909 K Street, N.W., Suite 1000
Washington, D. C. 20006
Tel: (202) 887-0855
Fax: (202) 887-0866
chris.humber@ogletree.com

Patrick F. Hulla *(admitted pro hac vice)*
MO Bar No. 41745
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
patrick.hulla@ogletree.com

/s/ Tiffany Joseph Goodson
Tiffany Joseph Goodson